### TURNER, administrator, *v.* ENRILLE.

#### *Averment of jurisdiction.*

Where the jurisdiction of the federal courts depends on alienage, or the citizenship of the
parties, it must be set forth on the record.
Bingham *v.* Cabot, 3 Dall. 382, re-affirmed.

ERROR from the Circuit Court of South Carolina.   The record, as
abridged for the judges, presenting the following case:

The Marquis de Caso Enrille instituted an action on the case, against
Thomas Turner, the administrator of Wright Stanley, in the circuit court
of North Carolina, of June term 1795.

A declaration in case was filed by the Marquis de Caso Enrille, of
———— in the island of ————, of June term 1796, in which it is set forth,
that Wright Stanley (the intestate) and John Wright Stanley and James
Greene were " merchants and partners, *at Newbern, in the said district*:" that
Wright Stanley survived the other partners; that on the 4th of June 1791, in
the lifetime of all the partners, they were indebted unto the said Marquis
in ———— dollars ; and in consideration thereof, assumed to pay, &c.   The
2d count, *insimul computassent*, when the said partners were found in
arrear to the said Marquis, in other ———— dollars, &c.   The plaintiff con-
cluded with the usual averments of non-payment, to the damage of the said
Marquis, ———— dollars, &c.

On the 30th November 1796, the defendant appeared, and pleaded—
1st. *Non assumpsit intest.*: replication and issue. 2d. The statute of limita-
tions as to the intestate : replication, an account-current between merchant
and factor : rejoinder, and issue. 3d. Set-off, that the plaintiff was indebted
to the intestate, on the 1st of January 1792, in more than the damages by
the plaintiff sustained, &c., to wit, in $4000, for money had and received
by the plaintiff to the intestate's use, which sum is still due to the defendant,
as administrator: replication, that plaintiff owed nothing, &c.: rejoinder, and
issue.   4th.  The statute of limitations, as to the administrator: replication,

that the demand was made within three years, &c : rejoinder, and issue. 5th. *Plene administravit :* replication, assets : rejoinder, and issue.

On the 1st of June 1799, the issues were tried, a verdict was given on all the issues for the plaintiff, and the jury assessed damages at $3289.65. Judgment for damages, costs and charges.

Writ of error.    Errors assigned : 1st. That it does not appear on the pleadings, &c., that either plaintiff or defendant was an alien, or that they were citizens of different states : 2d. That there are blanks in the declaration for places, dates and sums : 3d. The general errors.    Plea, *in nullo est erratum :* replication, and issue.

*For the defendant in error, *Dallas* lamented the obvious irregu-  [*8 larities on the face of the record, though the merits were incontestibly established in his favor, by the verdict and judgment.  He thought, however, that the court would give every reasonable intendment to the allegations of the record, in support of the judgment and verdict ; and therefore, endeavored to distinguish the present case from the case of *Bingham* v. *Cabot,* 3 Dall. 382.    In *Bingham* v. *Cabot* the defendant's place of residence was not even stated ; here, the defendants are stated to be merchants of Newbern, in the district of North Carolina.    There, the plaintiffs were described generally of Massachusetts, &c. : here, the plaintiff is described specially of an island ; and the cause of action is found to arise on accounts between merchant and factor.    It has not been judicially decided, that the averment of alienage, or of citizenship of different states, as a foundation for the federal jurisdiction, must be positive ; and it is sufficient, in reason, if circumstantial evidence of the fact can be collected from the record.    As to the blanks in the declaration, in relation to the sums, *Dallas* requested an opportunity to consider how far the defect was cured by the verdict, or might be amended, if the court was not decisively against him on the first point.

*Ingersoll,* for the plaintiff in error, observed, that the case was so very desperate, that it had been virtually abandoned by the opposite counsel. He should, therefore, decline troubling the court.

BY THE COURT.—The decision in the case of *Bingham* v. *Cabot* must govern the present case.    Let the judgment be reversed with costs.